**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Jose Miguel Parada Cruz,<br><br>Petitioner,<br><br>-v-<br><br>Kristi Noem, *in her capacity as Secretary for the United States Department of Homeland Security*; William Joyce, *Field Office Director of New York, Immigration and Customs Enforcement, in his official capacity*; and Pamela Bondi, *in her official capacity as the Attorney General of the United States*,<br><br>Respondents. | 2:26-cv-1112<br>(NJC) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

On February 26, 2026, Jose Miguel Parada Cruz filed this Petition seeking a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the lawfulness of his detention by Immigration and Customs Enforcement ("ICE"). (Petition for Writ of Habeas Corpus ("Pet."), ECF No. 1.) The Petition argues that ICE's detention of Parada Cruz without notice and opportunity to be heard since February 26, 2026 violates the Due Process Clause of the Fifth Amendment to the U.S. Constitution, Article I, Section 9, Clause 2 of the United States Constitution (the "Suspension Clause"), 8 U.S.C. § 1226(a), and the Administrative Procedure Act, 5 U.S.C. § 701. The Petition seeks the following relief: (1) a writ of habeas corpus requiring Respondents to immediately release Mr. Parada Cruz on his own recognizance or under parole, bond, or reasonable conditions of supervision, or, in the alternative, on bail; (2) declarations that Mr. Parada Cruz's detention violates the Due Process Clause of the Fifth Amendment to the U.S. Constitution, Section 1226(a), and the Administrative Procedure Act; (3) an order that

Respondents provide Mr. Parada Cruz a pre-deprivation hearing with 48-hours advanced notice before any attempt to remove him from the United States; and (4) reasonable attorney's fees pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412 (Pet. at 37).[1] For the reasons explained below, the Petition is GRANTED in part.

Respondents are federal government officials named in their official capacities: (1) Kristi Noem, Secretary for the United States Department of Homeland Security ("DHS"); (2) William Joyce, Field Office Director of New York, Immigrations and Customs Enforcement; and (3) Pamela Bondi, Attorney General of the United States.

Respondents "have no objection to the Court deciding the petition on the submissions in lieu of a hearing" and submit three documents on which they rely to oppose the Petition. (Response to Order to Show Cause ("Resp.") at 3, ECF No. 8; *see also* ECF Nos. 8-1 to 8-3.)[2] They rely on and incorporate by reference the arguments they made to this Court in response to a habeas petition by another ICE detainee in *Rodriguez-Acurio v. Almodovar*, No. 25-cv-6065 (E.D.N.Y.). (Resp. at 2.) Respondents argue that ICE's detention of Mr. Parada Cruz falls under

---

[1] The Petition also seeks: (1) an order prohibiting Mr. Parada Cruz's removal from the United States and transfer from the Eastern District of New York pending adjudication of the instant petition, (2) an order requiring Respondents to show cause why the writ should not be granted within three days, and (3) a hearing on the Petition five days after that response. (Pet. at 37.) The Court has effectively granted such relief through the issuance of a February 26, 2026 Stay of Removal and Order to Show Cause, which required Respondents to provide their response to the Petition by February 27, 2026 at noon, at the latest, and prohibited Respondents from removing Mr. Parada Cruz from the United States or transferring him outside of the Eastern District of New York, Southern District of New York, and District of New Jersey absent further order of the Court. (*See* ECF No. 3.)

[2] These submissions consist of the Form I-200 Warrant for Arrest served on Mr. Parada Cruz after he was arrested and transported to the Nassau County Correctional Center in East Meadow, New York (ECF No. 8-1), a Notice to Appear dated the day of Mr. Parada Cruz's arrest (ECF No. 8-2), and a Notice to Appear dated April 4, 2006 (ECF No. 8-3).

8 U.S.C. § 1225(b)(2) ("Section 1225(b)(2)"), which governs the mandatory detention of certain noncitizens who are "seeking admission" to the United States. (*Id.*) According to Respondents, Section 1225(b)(2) requires Mr. Parada Cruz's detention, and he has no right to any additional process under the Due Process Clause. Respondents' position is that any noncitizen who entered the United States without authorization at any time is subject to detention under Section 1225(b)(2), notwithstanding the fact that they have been residing in the interior of the country for months, if not years.

Respondents are incorrect for the reasons explained by this Court in *Rodriguez-Acurio v. Almodovar*, __ F. Supp. 3d __, No. 25-cv-6065, 2025 WL 3314420 (E.D.N.Y. Nov. 28, 2025), *appeal voluntarily dismissed*, No. 26-219 (2d. Cir. Feb. 25, 2026), and that decision is incorporated by reference in its entirety in this Order.

Detention under Section 1225(b)(2) only applies to noncitizens who, among other things, are "seeking admission" to the United States. *Id*. at *22. Here, Mr. Parada Cruz is not "seeking admission" because he clearly is not presenting himself at the border and was not recently apprehended just after entering this country. Rather, at the time that ICE detained him, Mr. Parada Cruz had been living in the interior of the United States since around 2006 and during this time, has had two U.S. citizen children. (Pet. ¶ 2.) In 2021, his mother, a lawful permanent resident of the United States, submitted a Form I-130 Petition for Alien Relative to benefit Mr. Parada Cruz, and that application remains pending before USCIS. (Pet. ¶ 6; ECF No. 1-2.) He was also previously in removal proceedings, but an Immigration Judge administratively closed those proceedings on August 5, 2015. (Pet. ¶ 4; ECF No. 1-1.)

Respondents offer no new arguments to support their position that *any* non-citizen apprehended in the interior of the United States is subject to mandatory detention under Section

3

1225(b)(2). (*See generally* Resp.) The vast majority of courts throughout this District, Circuit, and even the country have rejected Respondents' expansive interpretation of Section 1225(b)(2). *See Barco Mercado v. Francis*, __ F. Supp. 3d __, No. 25-cv-6582, 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) ("[T]he administration's new position that *all* noncitizens who came into the United States illegally, but since have been living in the United States, *must be detained* until their removal proceedings are completed—has been challenged in at least 362 cases in federal district courts. The challengers have prevailed, either on a preliminary or final basis, in 350 of those cases decided by over 160 different judges sitting in about fifty different courts spread across the United States.").

The Second Circuit has not addressed whether Section 1225(b)(2) requires the detention of any non-citizen encountered by ICE in the interior of the United States, although several cases raising this issue are on appeal.[3] The Seventh Circuit recently suggested that Section 1225(b)(2) does not apply to noncitizens who are already residing in the United States. *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025).[4] The Fifth Circuit recently

---

[3] *See, e.g.*, *Cunha v. Moniz*, 6:25-cv-6532 (W.D.N.Y. Nov. 25, 2025), *appeal docketed,* No. 25-3141 (2d. Cir. Dec. 12, 2025); *Chen v. Almodovar*, 1:25-cv-8350 (S.D.N.Y. Dec. 4, 2025), *appeal docketed*, No. 25-3169 (2d. Cir. Dec. 17, 2025); *Candido v. Bondi*, No. 1:25-cv-867 (W.D.N.Y. Dec. 4, 2025), *appeal docketed*, No. 25-3159 (2d. Cir. Dec. 17, 2025).

[4] In *Castanon-Nava*, the Seventh Circuit reasoned:

> [T]he mandatory detention provision upon which Defendants rely, limits its scope to an "applicant for admission" who is "seeking admission," § 1225(b)(2)(A). Put another way, "U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the country under §§ 1225(b)(1) and (b)(2). It also authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings under §§ 1226(a) and (c)."

161 F.4th at 1061 (emphasis in original, quoting *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018)).

reached the opposite conclusion. *Buenrostro-Mendez v. Bondi*, __ F. Supp. 3d __, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026).

This Court has conducted its own careful assessment of the law and the facts. In the absence of Second Circuit precedent to the contrary, this Court continues to conclude, as set forth in detail in *Rodriguez-Acurio*, that Respondents' position that Section 1225(b)(2) requires the detention of a non-citizen apprehended in the interior of the United States notwithstanding the fact that the non-citizen has continuously resided in this country for months, if not years, is unsupported by the statutory text.[5]

Moreover, nothing in the record shows that ICE arrested and detained Mr. Parada Cruz under Section 1225(b)(2) rather than Section 1226(a). (*See* Warrant, ECF No. 8-1 (reflecting that Mr. Parada Cruz was served with an arrest warrant issued pursuant to "sections 236 and 287 of the Immigration and Nationality Act and part 287 title 8, Code of Federal Regulations," which correspond to 8 U.S.C. §§ 1226 and 1357 and 8 C.F.R. §§ 287.1–287.12, not 8 U.S.C. § 1225(b)(2)). Respondents first invoked Section 1225(b)(2) as the basis for Mr. Parada Cruz's detention in the course of this litigation. (Resp. at 2.) The Supreme Court has recognized that a "post-hoc rationalization" first articulated in litigation carries little weight. *Dep't of Homeland Sec. v. Regents of the Univ. of Cal*, 591 U.S. 1, 21 (2020) (quoting *Citizens to Preserve Overton Park, Inc., v. Volpe*, 401 U.S. 402, 420 (1971)); *see also Islander E. Pipeline Co., LLC v. Connecticut Dep't of Env't Prot.*, 482 F.3d 79, 95 (2d Cir. 2006) ("It is well established that an

---

[5] Respondents rely on *Saamishvili v. Flanagan*, et al., No. 25-cv-6178, 2026 WL 377574, at *3 (E.D.N.Y. Feb. 11, 2026), to support their expansive interpretation of Section 1225(b)(2) in this case. (ECF No. 10). This Court respectfully disagrees with *Saamshvili* about the scope of Section 1225(b)(2). Additionally, the petitioner in that case was subject to an order of removal, and it is unclear whether the removal order was final such that a different INA provision—8 U.S.C §1231(a)(2)(A)—governed the petitioner's detention pending removal.

agency's action must be upheld, if at all, on the basis articulated by the agency itself."). As courts in the Southern District of New York have recognized, "the Court cannot credit Respondents' new position as to the basis for [petitioner's] detention, which was adopted post hoc and raised for the first time in this litigation." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025); *see also Yao v. Almodovar*, No. 25-cv-9982, 2025 WL 3653433, at *4 (S.D.N.Y. Dec. 17, 2025) (discrediting respondents' post-hoc justification for petitioner's detention and finding that "ICE is properly held to its representation, *when it detained* [petitioner], as to the legal basis for that action" (emphasis added)); *see Rueda Torres v. Francis*, No. 25-cv-8408, 2025 WL 3168759, at *5 (S.D.N.Y., 2025 Nov. 13, 2025) (slip copy) (same).

Accordingly, ICE's detention of Mr. Parada Cruz is governed by the discretionary detention framework set forth in a different provision of the Immigration and Nationality Act, 8 U.S.C. § 1226(a). For the reasons explained in *Rodriguez-Acurio*, which are incorporated by reference here, Mr. Parada Cruz has a liberty interest in being free from detention that is afforded procedural due process protection, notwithstanding Respondents' invocation of *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103 (2020), and other cases. *See* Resp. at 2; *see also Rodriguez-Acurio*, 2025 WL 3314420, at *25–27 (finding that petitioner's situation is distinguishable from *Thuraissigiam* and that petitioner has a liberty interest that is afforded procedural due process protection).[6] ICE's detention of Mr. Parada Cruz without notice and opportunity to be heard infringes on that liberty interest and triggers the right to procedural due process.

---

[6] Although the Respondents do not discuss *Thuraissigiam* in any way, because they incorporate their legal brief filed in opposition to the petition in *Rodriguez-Acurio*, this Court assumes they seek to rely on it.

The balancing test set forth in *Matthews v. Eldridge*, 424 U.S. 319, 335 (1976), applies to procedural due process claims and requires this Court to consider: (1) the private interest that will be affected by the official action; (2) the risk of erroneous deprivation of that interest through the procedures used; and (3) the government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail. Applying this balancing test, Respondents' detention of Mr. Parada Cruz since February 26, 2026, violates his Fifth Amendment right to procedural due process for the same reasons as those set forth in *Rodriguez-Acurio*.

Here, ICE's detention of Mr. Parada Cruz without any notice or opportunity to be heard infringes on "the most significant liberty interest there is—the interest in being free from imprisonment." *Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020). Moreover, there is a high risk of erroneous deprivation through the procedures used to detain Mr. Parada Cruz because Respondents failed to provide *any* notice or any opportunity to be heard before a Department of Homeland Security officer or immigration judge before ICE arrested and detained him on February 26, 2026, while he was on his way to work. Finally, Respondents fail to address any of the *Matthews v. Eldridge* factors, much less any government interests advanced by ICE's detention of Mr. Parada Cruz without notice or an opportunity to be heard. Although the Attorney General may have a legitimate government interest in ensuring the appearance of noncitizens at immigration proceedings and preventing danger to the community, there is absolutely nothing in the record showing that Mr. Parada Cruz presents a flight risk or danger to the community. To the contrary, Mr. Parada Cruz has deep community ties in the United States because of his residence here for nearly two decades, his two U.S. citizen children, and his mother is a lawful permanent resident of the United States. (Pet. ¶¶ 2, 30.) He has also never

been arrested or convicted of any crime. (Pet. ¶ 32.) Indeed there is no indication in the record that Mr. Parada Cruz has any criminal history whatsoever.

Moreover, nothing in the record suggests that a DHS officer made *any* individualized determination that Mr. Parada Cruz presented a danger or flight risk prior to ICE's arrest and detention of him on February 26, 2026. According to the Petition, ICE officers stopped him, arrested him, and transported him to the Nassau County Correctional Center. (Pet ¶ 3.) An arrest warrant was not served on him until *after* he had arrived at the Nassau County Correctional Center, as shown by the face of the warrant, which indicates that it was served on Mr. Parada Cruz at 100 Carmen Avenue in East Meadow, New York—not in Roosevelt City, New York, where ICE arrested him. (*See id.*; Warrant, ECF No. 8-1.) At no point did anyone at DHS or ICE determine that Mr. Parada Cruz presented a flight or safety risk. Thus, Respondents lack any basis whatsoever for concluding that Mr. Parada Cruz presents a flight or safety risk, and their detention of him was unlawful at its inception.

Accordingly, weighing all of the *Mathews v. Eldridge* factors—the significant liberty interest at stake, the high risk of erroneous deprivation, and Respondents' failure to demonstrate that Mr. Parada Cruz's detention was required to advance any legitimate government interest in preventing danger to the community or ensuring appearance at removal proceedings— Respondents' detention of Mr. Parada Cruz with no notice or opportunity to be heard violates his Fifth Amendment rights to procedural due process. Thus, ICE's detention of Mr. Parada Cruz was unlawful from its inception, notwithstanding Respondents' efforts at post-hoc

rationalization based on its expansive interpretation of Section 1225(b)(2).[7] *See Lopez Benitez*, 795 F. Supp. 3d at 486; *Rueda Torres*, 2025 WL 3168759, at *5.

Upon finding a constitutional violation, a district court "may" grant a writ of habeas corpus and "dispose of the matter as law and justice require." 28 U.S.C §§ 2241(a), 2243. Release from detention is the "typical remedy" for "unlawful executive detention." *Munaf v. Green*, 553 U.S. 674, 693 (2008). In *Rodriguez-Acurio*, this Court provided the legal basis for ordering release from ICE detention as well as limited injunctive relief enjoining Respondents from invoking Section 1225(b) as the basis for subjecting a non-citizen habeas petitioner to mandatory detention, absent a change in relevant circumstances. *See Rodriguez-Acurio*, 2025 WL 3314420, at *31–32.

For those same reasons, in this action, "dispos[ing] of the matter as law and justice require," 28 U.S.C. § 2243, necessitates both the immediate release of Mr. Parada Cruz from ICE custody and narrow injunctive relief guarding against re-detention in violation of this Court's determination that Mr. Parada Cruz is not subject to mandatory detention under Section 1225(b). As in *Rodriguez-Acurio*, the limited grant of injunctive relief to guard against re-detention by ICE without a bond hearing on the basis of Section 1225(b)(2) absent a change in relevant

---

[7] Although Respondents do not explicitly invoke 8 U.S.C. § 1225(b)(1) as the basis for ICE's detention of Mr. Parada Cruz, that provision is plainly inapplicable to him. Mr. Parada Cruz is not subject to mandatory detention pending expedited removal as an "arriving alien" under Section 1225(b)(1)(A)(i). *See Rodriguez-Acurio*, 2025 WL 3314420, at *19. Nor do Respondents even argue, much less show, that he falls within any category of non-citizens who are designated by the Attorney General or their delegate as eligible for mandatory detention pending expedited removal under the statute's Designation Provision, 8 U.S.C § 1225(b)(1)(A)(iii). *See id*. at *15. Accordingly, ICE's detention of Mr. Parada Cruz since February 26, 2026, is pursuant to the discretionary detention scheme of Section 1226(a), not the mandatory detention scheme of either Section 1225(b)(2) or Section 1225(b)(1).

circumstances falls within the "core of habeas," *Thuraissigiam*, 591 U.S. at 119, because it is necessary to ensure that the release of Mr. Parada Cruz is not rendered meaningless.

Additionally, Mr. Parada Cruz "is entitled to release from the unlawful restrictions on his liberty—which means, in the circumstances here, restoration of" the status quo ante. *Khabazha v. United States Immigr. & Customs Enf't*, No. 25-cv-5279, 2025 WL 3281514, at *8 (S.D.N.Y. Nov. 25, 2025) (ordering government to release petitioner from "restrictions on his liberty imposed as a result of his unlawful [detention] . . . including the ankle monitor and reporting requirements"). Prior to his unlawful detention, Mr. Parada Cruz was not subject to any electronic monitoring requirements by ICE. Accordingly, "dispos[ing] of the matter as law and justice require," 28 U.S.C. § 2243, and "restor[ing] . . . the status quo ante," *Khabazha*, 2025 WL 3281514, at *8, requires that Respondents release Mr. Parada Cruz without any condition for electronic monitoring, including but not limited to GPS monitoring.

**CONCLUSION**

Accordingly, for all of these reasons explained in this Memorandum and Order and those set forth in *Rodriguez-Acurio*, the Petition is granted in part. Respondents must coordinate with Petitioner's counsel and thereafter release Petitioner, without any electronic monitoring, including but not limited to GPS monitoring, into the physical care of their counsel or another mutually agreed upon person at the earliest possible time agreed upon by the parties, but no later than 7:00 p.m., tonight, February 27, 2026. Respondents must release Petitioner with all of his belongings that are in Respondents' possession, including but not limited to all identification cards, clothing, and money. Respondents shall confirm compliance with these directives, including by identifying the individual to whom Petitioner was released, in a filing on the docket by 11:59 p.m. on February 27, 2026.

Additionally, pending the issuance of any final removal order against Mr. Parada Cruz, Respondents are enjoined from denying Mr. Parada Cruz bond in any subsequent proceeding on the basis that he must be detained pursuant to 8 U.S.C. § 1225(b), absent a change in relevant circumstances consistent with this Order.

At this time, the Court reserves ruling on the request for attorneys' fees and costs under the Equal Access to Justice Act set forth in the Petition. Mr. Parada Cruz may file an application for attorneys' fees and costs incurred in pursuing this action by May 28, 2026.

The Court concludes that the other arguments set forth in the Petition for granting Mr. Parada Cruz the requested relief, including arguments that the detention violates Section 1226(a), the Fifth Amendment right to substantive due process, the Suspension Clause, and the APA, are now moot and unnecessary to resolve.

The Show Cause hearing scheduled for March 2, 2026 in the Alfonse D'Amato U.S. Courthouse is therefore adjourned. The matter is held in abeyance.

Dated: Central Islip, New York
      February 27, 2026

                          */s/ Nusrat J. Choudhury*
                          NUSRAT J. CHOUDHURY
                          United States District Judge